IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND A. ORTEGA,

      Petitioner,

v.                                     Civ. No. 15-0473 JCH/GBW

FOURTH JUDICIAL DISTRICT
COURT, et al.,

      Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d*oc. 1*) and Respondents' Answer (*doc. 7*). Because I find that Petitioner's sole claim before this Court is meritless, I recommend that the Court deny Petitioner's petition and dismiss the claim with prejudice.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2014, Petitioner entered into a Plea and Disposition Agreement. *Doc. 7*, Ex. B. Through this agreement, he pled guilty to two counts of burglary of a vehicle. *Doc. 7*, Ex. B at 1-2. In consideration, the State agreed to dismiss with prejudice all other counts contained in the criminal information, as well as charges in two other criminal cases for burglary, possession of a controlled substance, and solicitation to commit trafficking. *Id*; *see also Doc. 7*, Ex. K, L. The agreement stated that he would

receive two sentences of eighteen months imprisonment for the underlying offenses, with both sentences suspended. *Doc. 7*, Ex. B. He would serve a one-year term of imprisonment pursuant to a habitual offender enhancement, after which he would be placed on probation for three years. *Id*. The agreement was silent as to the amount of pre-sentence confinement credit to which Petitioner was entitled. *Id*.

Pursuant to this agreement, Petitioner was sentenced to one year of imprisonment and three years of probation due to his status as a habitual offender with a prior felony conviction. *Doc. 7*, Ex. A at 2-3. He was credited with nineteen days of pre-sentence confinement on the charges to which he pled guilty. *Doc. 7*, Ex. A at 3.

On May 19, 2014, Petitioner filed a Motion to Amend Judgment and Sentence, seeking credit for approximately 144 additional days in pre-sentence confinement. *Doc. 1* at 12-13; *Doc. 7*, Ex. C. The State responded on May 30, 2014 by asserting that Petitioner was entitled only to the nineteen days already credited, as all other periods of incarceration related to charges to which he had not pled guilty. *Doc. 7*, Ex. D at 1; *Doc. 1* at 11. State District Judge Matthew J. Sandoval denied the motion on October 24, 2014. *Doc. 1* at 10; *Doc. 7*, Ex. E.

Thereafter, Petitioner filed a state petition for a writ of habeas corpus. *Doc. 1* at 14-25; *Doc. 7*, Ex. F. In this petition, he argued several grounds for relief. First, Petitioner reiterated his argument from his motion to amend judgment that he was entitled to additional pre-sentence confinement credit. *Doc. 1* at 18. Second, he claimed

that his counsel was ineffective by (1) improperly pressuring him into entering a guilty

plea; (2) failing to communicate with him regarding an appeal and other post-

conviction motions; (3) operating under a conflict of interest in advising him to accept a

plea that would minimize his counsel's workload; and (4) failing to properly investigate

facts beneficial to his defense. *Doc. 1* at 18-23. Finally, Petitioner asserted that the

execution of his sentence constituted a violation of his right to due process. *Doc. 1* at 24.

On January 26, 2015, Judge Sandoval denied his petition. *Doc. 1* at 9; *Doc. 7*, Ex. G.

## II.    PETITIONER'S CLAIM

Petitioner filed the instant petition under 28 U.S.C. § 2254 on June 5, 2015. *Doc. 1*.

Petitioner claims that Judge Sandoval displayed bias and prejudice against him by

dismissing his motion to amend judgment and his petition for a writ of habeas corpus

for the improper purpose of inducing him to abandon his claims. Petitioner further

objects to Judge Sandoval's failure to specify the underlying legal basis for the denial of

his state habeas petition.

## III.    EXHAUSTION OF STATE COURT REMEDIES

A federal court cannot grant a petition for habeas corpus under § 2254 unless the

petitioner "has exhausted the remedies available in the courts of the State."[1]  28 U.S.C. §

2254(b)(1)(A).  "A claim has been exhausted when it has been 'fairly presented' to the

---

[1] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—the existence of either of these situations in this case.

state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). An issue is deemed

"fairly presented" when a petitioner "has raised the 'substance' of the federal claim in

state court." *Id.* (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971)). For purposes of

exhaustion, a "petitioner cannot assert entirely different arguments from those raised

before the state court." *Bland*, 459 F.3d at1011; *see also Hawkins v. Mullin*, 291 F.3d 658,

669 (10th Cir. 2002) (holding that discrepancies in substance between a state and federal

habeas petition precluded satisfaction of the exhaustion requirement).

Here, it is clear from the documents provided by both parties that Petitioner has

not brought his claim of prejudicial bias in any state proceeding. *See Doc. 1* at 14-25;

*Doc. 7*, Ex. F. Although Petitioner did file a petition for habeas relief in state court, his

claims are different from those in the instant petition, as he now argues that the state

court judge displayed bias in the state proceedings. *Compare Doc. 7*, Ex. F *with Doc. 1* at

1-2. Petitioner has therefore failed to meet the exhaustion requirement of § 2254. [2]

Despite this deficiency, "[a]n application for a writ of habeas corpus may be

denied on the merits, notwithstanding the failure of the applicant to exhaust the

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Thus, the court

---

[2] Exhaustion would not have been satisfied even if Petitioner had brought the same claims contained in his state petition, as he did not attempt to appeal his underlying state habeas claims to the New Mexico Supreme Court. "[A] state prisoner must give state courts 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)).

may invoke its discretion to bypass issues of exhaustion in order to dispose of a petition's substantive grounds. *See Revilla v. Gibson*, 283 F.3d 1203, 1210-11 (10th Cir. 2002). As Petitioner's underlying claim is clearly meritless, I recommend exercising such discretion in this case.

## IV.  PETITIONER'S CLAIM IS MERITLESS

### A.  Standard of Review

For a claim to be cognizable under § 2254, it must allege a constitutional violation or a violation of a "constitutional dimension"—that is, "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983). Where, as here, the state court has not addressed the substance of a specific claim, the federal district court, in exercising its discretion to deny an unexhausted claim on the merits, may make its own *de novo* conclusions of law and findings of fact in the first instance. *See Revilla*, 283 F.3d at 1210; *Cannon v. Gibson,* 259 F.3d 1253, 1260 (10th Cir.2001).

### B.  No evidence supports a finding of Judge Sandoval's alleged bias or prejudice against Petitioner

Prejudicial comments or conduct by a judge are not proper subjects for a collateral attack on a sentence unless they rise to the level of constitutional violations. *Brinlee v. Crisp*, 608 F.2d 839, 853 (10th Cir. 1979). "In general, the standard for evaluating whether a habeas petition alleges judicial bias amounting to a denial of due

5

process is whether the judge was 'actually biased or prejudiced against the petitioner.'"

*Nichols v. Sullivan*, 867 F.2d 1250, 1254 (10th Cir. 1989) (quoting *Dyas v. Lockhart*, 705 F.2d

993, 996 (8th Cir. 1983)).  In some situations, the possibility or appearance of bias can

"be so substantial as to create a conclusive presumption of actual bias."  *Id*.  "The test

for assessing whether the likelihood of or appearance of bias is so great as to be

constitutionally intolerable is whether 'the judge [is] unable to hold the balance between

vindicating the interests of the court and the interests of the accused.'"  *Id*. (quoting

*Taylor v. Hayes*, 418 U.S. 488, 501 (1974)).  However, the Petitioner alleges actual bias in

this case, rather than a mere appearance of partiality.  *See Doc. 1* at 1-2. In order to

prevail on a claim of actual bias, Petitioner must present "compelling" evidence

demonstrating the existence of such bias.  *See Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir.

1994).

Petitioner claims that Judge Sandoval showed bias towards him by dismissing

his habeas corpus petition and his motion to amend judgment and sentence simply "to

try & hope that [Petitioner would] give up."  *Doc. 1* at 1-2.  Petitioner bases this

conclusion on a lack of specificity in the order denying his state habeas petition and on

Judge Sandoval's subsequent refusal to respond to Petitioner's letters.  *See Doc. 1* at 2.

None of these assertions amount to evidence that Judge Sandoval was actually

biased against Petitioner.  The only tangible fact which petitioner refers to in alleging

bias is Judge Sandoval's denial of Petitioner's motion and petition.  However,

"[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Further, Petitioner's belief that the state court incorrectly decided his motion and petition does not create a cognizable issue for federal habeas review. *See Galloway v. Howard*, 624 F. Supp. 2d 1305, 1314-15 (W.D. Okla. 2008) (alleged abuse of discretion by trial judge in disallowing withdrawal of a guilty plea did not constitute grounds for habeas relief).

The remainder of Petitioner's assertions are entirely speculative, as he presumes that the brevity of Judge Sandoval's order and his refusal to engage in *ex parte* communication somehow conveyed a personal animosity towards Petitioner. "Circumstances which merely lead one to speculate about the impartiality of the judge do not deny a litigant due process unless the litigant is in fact treated unfairly." *Johnson v. Werholtz*, 2008 WL 5397500, at *9 (D. Kan. Dec. 24, 2008) (citing *Nichols*, 867 F.2d at 1254). The conduct of Judge Sandoval described by Petitioner did not result in unfair treatment towards him. The Supreme Court has confirmed that 28 U.S.C. § 2254 does not require a state court to provide any reasons for its decision on a habeas petition, instead instructing federal courts consider summary denial as akin to a reasoned decision on the merits. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011). Additionally, Judge Sandoval's refusal to engage in direct, informal communication with Petitioner by responding to his letters was not only proper, but in fact necessary to avoid compromising impartiality. *See Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1095

(10th Cir. 2010). In sum, Petitioner fails to cite any conduct or comments by Judge Sandoval that reflect bias against him.

Petitioner's leaps of logic fall far short of "compelling" evidence required to demonstrate bias. *See Fero*, 39 F.3d at 1478; *cf. Withrow v. Larkin*, 421 U.S. 35, 46 (1975) ("[T]he probability of actual bias . . . is too high to be constitutionally tolerable . . . . [when] the adjudicator has a pecuniary interest in the outcome [or] he has been the target of personal abuse or criticism from the party before him."). Given the utter lack of evidence of bias, Judge Sandoval's conduct in dismissing Petitioner's motion to amend judgment and sentence and his state habeas corpus petition did not constitute a denial of his constitutional due process rights. Therefore, this claim must fail.

## V. CONCLUSION

I have found that Petitioner's claim is meritless, and therefore recommend that the Court DISMISS with prejudice Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (*doc. 1*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**